RODRÍGUEZ, PLAINTIFF AND APPELLEE, *v.* SÁNCHEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in Mandamus Proceedings.

No. 2335.—Decided July 29, 1921.

MANDAMUS—SCHOLARSHIP—PLEADING.—A petition for a writ of mandamus to compel a municipal auditor to issue a warrant for the payment of a scholar-

ship created by a municipal ordinance under the authority of Act No. 19 of March 9, 1911, is not sufficient if it does not specify the kind of studies which the petitioner is taking or intends to take, for in the absence of such an allegation it is impossible to determine whether or not he comes within the provisions of the said act.

ID.—ID.—*Quaere:* Whether Act No. 19 of March 9, 1911, authorizing the municipalities of Porto Rico to support students in the colleges and universities in the United States is in force.

The facts are stated in the opinion.

*Mr. C. Travecier* for the appellee.

*The Attorney General* and *Mr. A. Arroyo* for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The petition for a writ of mandamus filed in the clerk's office of the District Court of Humacao on July 28, 1920, contains the following allegations which are pertinent to this appeal:

(*a*) That Jesús María Rodríguez is a minor son of the petitioner and is at present a student at Valparaiso University, Indiana, U. S. A.

(*b*) That the Municipal Assembly of Humacao appropriated the sum of $300 in the budget for 1919–1920 to help pay the college expenses of Jesús M. Rodríguez, the said sum to be paid in quarterly instalments.

(*c*) That for the quarter beginning March 1st and ending May 31, 1920, an order was issued on June 1st, 1920, by Vicente Ortiz, Public Service Commissioner, for the payment of the quarterly instalment already due, but the defendant refused to order the payment of the $75 corresponding to that quarter, without any lawful or justifiable reason.

(*d*) That the resolution of the Municipality of Humacao is valid and conforms to the provisions of the Municipal Law in force, and the petitioner has no other way of compelling the auditor to comply with the said resolution of the Municipal Assembly.

The petition concludes with a prayer that the defendant

be ordered to issue the corresponding warrant for the payment of the said instalment by the treasurer of the municipality and of the successive instalments while the ordinance is in force.

On July 30, 1920, the Court of Humacao ordered the Municipal Auditor of Humacao to pay to Jesús M. Rodríguez the sum of $75 for the quarter of April, May and June, 1920, immediately after receipt of notice of the order, or to appear before the court on August 9, following, to show cause for failure to do so.

The auditor answered by his attorney, Rafael López Antongiorgi, admitting as true allegations (*a*) and (*b*), and also allegation (*c*) except as to the averment that he refused to make the payment without any lawful or justifiable reason, and denying absolutely allegation (*d*). As new matter he alleged that there is no law of Porto Rico authorizing the municipalities of Porto Rico to maintain students in the colleges and universities of the United States, and that Act No. 19 of March, 1911, authorizing the municipalities of Porto Rico to grant scholarships to young men for the purpose of pursuing courses in agriculture, agronomy, forestry and the several branches of engineering, was repealed by the Organic Act which forbids the payment of money for this purpose when the institution in which the course is taken is not under the absolute control of The People of Porto Rico.

By a judgment of August 13, 1920, the court sustained the petition and consequently issued a peremptory writ of mandamus in the manner prayed for.

The respondent appealed from that judgment.

The appellant stated at the beginning of his brief in support of the appeal that "the present brief is submitted to the Supreme Court by the Attorney General who appears herein in behalf of the appellant for the purpose of obtaining a decision of the questions raised," and the Attorney

General stated "that by reason of the fact that attorney Rafael López Antongiorgi is the attorney for the Municipality of Humacao he would no longer represent the appellant and that the questions raised being of great importance to The People of Porto Rico, the Attorney General, although somewhat doubtful about the said questions, wishes to submit them to this court for decision according to justice and law."

The Attorney General assigned the following errors:

1. The municipalities of Porto Rico are not empowered either by the Municipal Law or by any other public statute enacted by our Legislative Assembly to grant scholarships to students in the colleges and universities of the United States.

2. Act No. 19 of 1911 was repealed by the 19th paragraph of section 2 of the Jones Act.

The appellee denies that the errors assigned were committed and, invoking Act No. 19 of 1911, which he maintains is in force, asks that the judgment appealed from be affirmed.

Without considering whether or not the said act has been repealed, and assuming it to be in force for the purposes of the appeal, we are of the opinion that the facts alleged in the petition do not place the petitioner in a position to receive the benefit prayed for under the said act. And although that question was not raised in the lower court nor in this court, we raise it of our own motion in the exercise of our jurisdiction.

Act No. 19 of March 9, 1911, contains seven sections, the first of which reads as follows:

"Sec. 1.—The municipalities of the first and second class and, with the approval of the Governor, municipalities of the third class are hereby empowered to support, from public funds at their disposal, young men in the colleges and universities of the United States, for the purpose of pursuing courses leading to degrees in the fol-

lowing subjects: agriculture, agronomy, forestry and the various branches of engineering.''

In the petition for a writ of mandamus heretofore transcribed it is alleged that the Municipal Assembly of Humacao appropriated the sum of $300 in the budget for 1919–20 to help pay the college expenses of Jesús María Rodríguez who was taking a course of studies at Valparaiso University, Indiana, but it does not specify the kind of studies which he was taking in order to show whether they were included within those mentioned in the said section, and because of that omission we must conclude that the petitioner did not show that he was entitled to the appropriation made in his favor, for although it is also alleged that the respondent refused to order the payment of the sum appropriated without any lawful or justifiable reason, and that the resolution of the Municipality of Humacao is valid and in conformity with the provisions of the Municipal Law, these are conclusions of law that do not support the prayer of the petition.

The judgment appealed from must be reversed and the petition for a peremptory writ of mandamus dismissed, without costs.

*Reversed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.